440 So.2d 1267 (1983)
In re INQUIRY CONCERNING A JUDGE, Richard E. LEON.
No. 63554.
Supreme Court of Florida.
October 20, 1983.
Rehearing Denied December 12, 1983.
*1268 John S. Rawls, Gen. Counsel, Florida Judicial Qualifications Com'n, Tallahassee, and C. Harris Dittmar and Charles P. Pillans, III of Bedell, Dittmar, DeVault, Pillans and Gentry, Jacksonville, for petitioner.
Paul B. Johnson of Johnson, Paniello & Hayes and Michael L. Kinney, Tampa, for respondent.
PER CURIAM.
This proceeding is before the Court upon the report and recommendations of the Judicial Qualifications Commission (Commission) that Judge Richard E. Leon be removed as a circuit judge of the Thirteenth Judicial Circuit of Florida, and that he be suspended without compensation pending final disposition of this inquiry. We have jurisdiction in accordance with this Court's function to review the Commission's findings and conclusions and to render an appropriate decision in this matter pursuant to article V, section 12, Florida Constitution; Florida Judicial Qualifications Commission Rule 22.
On April 20, 1983, the Commission filed notice of formal charges and five counts against Judge Leon. On May 13, 1983, an amended notice and six counts were filed. The judge responded by filing an answer to the formal charges on June 6, 1983, and an amended answer on July 11, 1983. Hearings were scheduled for August 15, 1983, and Judge Leon petitioned this Court for a writ directing the Commission to extend the time for hearing in light of the fact that criminal indictments had been filed against him. The petition was denied by this Court on August 10, and the Commission held hearings on August 15-17, 1983. On August 23 the Commission filed its findings of fact, conclusions of law, and recommendations which concluded that the judge was guilty on Counts I, III, IV, and VI, that he had violated Canons 1, 2 A, 2 B, 3 A(1), 3 A(4), 5 C(1), and 5 C(4) of the Code of Judicial Conduct, that such conduct was unbecoming a member of the judiciary, and that Judge Leon was presently unfit to hold the office of judge. The Commission recommended that he be removed from office, and, pursuant to rule 8 of the Florida Judicial Qualifications Commission Rules, be suspended without compensation pending final disposition of this inquiry.
On Count I the Commission found the judge guilty of improper ex parte conversations with Circuit Judge Arden Mays Merckle relating to the disposition of case numbers 80-7981 and 81-3103, State v. Alisa Dean Avery, of improperly securing an alteration of Avery's sentence, of improper ex parte communications with the state attorney regarding the Avery cases, and of improperly fraternizing and socializing with defendant Avery's father during the pendency of the Avery cases.
On Count II the Commission found that it was not established by clear and convincing evidence that the judge brought disrespect upon the court by traveling on "gambling junkets."
On Count III the Commission found the judge guilty of engaging in the sale of land to the Averys, Sr. and Jr., for monetary gain when he knew daughter Avery's cases and sentences were pending before his court.
On Count IV the Commission found that on or about February or March, 1983, Judge Leon consulted and conferred with Judge Merckle, and, in concert with him, determined untruthfully to deny the previous ex parte conversation with Judge Merckle, and *1269 that he thereafter, by his own admission, implemented this scheme by falsely denying the same in response to inquiries.
Counsel for the Commission dismissed Count V.
On Count VI the Commission found Judge Leon guilty of false statements concerning his activities in the Avery cases to Commission member Thomas C. MacDonald, Jr.
We have reviewed the record and find that the findings of fact and conclusions of law are supported by competent and substantial evidence. The Commission heard the testimony firsthand and its findings of fact "are of persuasive force and should be given great weight." In re Crowell, 379 So.2d 107, 109 (Fla. 1979) (quoting In re LaMotte, 341 So.2d 513, 516 (Fla. 1977)).
Judge Leon argues that with the exception of the testimony of the assistant state attorney, all of the evidence relating to Count I was inadmissible before the Commission because it was either confidential or hearsay. He further argues that even if admissible, the evidence was insufficient to sustain the charges. There is no merit in either argument. The evidence was gathered in the course of the investigation of the alleged misconduct for the purpose of presentation to the Commission. The flaw in the judge's reasoning is that his argument presupposes that a judge under charges should be permitted to lie to the Commission during the investigation and then not be held accountable because the lie occurred during the period when the Commission was attempting to maintain confidentiality as a protection for the judge. The argument ignores the fact that the reason for confidentiality no longer exists after formal charges are filed and the charges become public.
Judge Leon also argues that Judge Merckle's statement to Commissioner MacDonald and his testimony before the grand jury are inadmissible hearsay. We note that both the statement and the testimony were marked for identification only; neither was admitted into evidence. The remaining evidence in the record is clear and convincing.
Judge Leon argues that the sale of land between himself and the Averys, Sr. and Jr., was proper. The evidence is to the contrary and clearly supports the Commission's findings regarding Count III.
As to Count IV, the judge contends that the statements he made to Commissioner MacDonald and the Commission were inadmissible for the same reasons he argued under Count I and that the Commission failed to give proper weight to the fact that he voluntarily recanted his untruthful statements which were not given under oath. He analogizes the statutory defense of recantation to a charge of perjury in a criminal case. This argument is totally without merit. The record reflects that Judge Leon did not recant until after discovering that Judge Merckle was recanting. His reliance on the law of perjury is misplaced. The integrity of the judicial system, the faith and confidence of the people in the judicial process, and the faith of the people in the particular judge are all affected by the false statements of a judge. Recantation does not remove the impression that the judge attempted to use the prestige of his office to influence the outcome of a case pending in his court and, when discovered, lied to Commissioner MacDonald about his involvement.
As to Count VI, Judge Leon argues that this Count was not properly before the Commission because the amended notice of formal charges adding Count VI was filed by the Commission attorney, not the Commission itself as required by Florida Judicial Qualifications Commission Rules 6 and 7. We find no merit in this contention. The Commission had already found probable cause on the original five counts. Requiring an additional formal meeting of the Commission to hold a probable cause hearing on the new count would have been pointless. There was knowledge of the additional count; it was directly related to the other charges upon which probable cause had been found; and there was no request for an additional probable cause hearing. *1270 Under these facts, there was no prejudice and we conclude that it was not reversible error for the Commission's counsel to file the additional count for misconduct. We recognize that Judge Leon would have been entitled to a probable cause hearing on the added charge if he had requested such a hearing. Count VI related to Count II; Judge Leon did not request a probable cause hearing. It was therefore proper to proceed.
Judge Leon further argues that due process demands that there be some proceedings to support the recommendation of suspension without pay. We agree that under rule 8 proceedings are necessary to support a recommendation of suspension without pay, but find that in this instance the proceedings of the Commission, which culminated in a finding that Judge Leon was guilty of several serious charges brought against him, are more than sufficient to satisfy due process and support the recommendations and that the Commission acted in accordance with rule 8.[*]
Upon receiving the Commission's recommendations, this Court issued its order to show cause on August 24, 1983. Judge Leon filed a response on September 6, 1983; the Commission filed a reply on September 16, 1983; this Court granted the judge's motion to file a response to the Commission's reply, and on September 29, 1983, a response was filed. We have carefully considered the arguments of Judge Leon and find them to be without merit.
We find the evidence submitted in the proceedings before the Commission was properly admissible and supports the Commission's findings that Judge Leon is unfit to hold the office to which he was entrusted.
Having found the Commission's recommendations supported by the record, it is the judgment of this Court that Judge Leon is hereby immediately suspended from office without pay, and shall be removed from office upon this decision becoming final.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] Upon or after the filing of formal charges, the Commission may, in its discretion, issue its order directed to the judge ordering him to show cause before the Commission why the Commission should not recommend to the Supreme Court that he be suspended from office, either with or without compensation, while the inquiry is pending. The order to show cause shall be returnable before the Commission at a designated place and at a time certain, at which place and time the Commission shall consider the question of suspension. The Commission, not less than seven members concurring, either after issuing its order to show cause as above provided or without such order to show cause, may recommend to the Supreme Court that the judge be suspended from performing the duties of his office either with or without compensation pending final determination of the inquiry. If the Commission recommends suspension, such recommendation shall have incorporated therein all proceedings of the Commission in relation to the recommendation.