PER CURIAM.
This is an appeal from a juvenile delinquency adjudication, entered below after trial, for the offense of obstructing justice. We reverse based on a finding of insufficient evidence.
The undisputed facts adduced at trial establish that Officer Raphael Masterrer of the City of Miami Police Department stopped a car driven by the juvenile P.P. pursuant to a BOLO. Officer Masterrer arrested the juvenile for operating a motor vehicle without a license and in preparation for filling out the arrest report, inquired as to the juvenile P.P.’s name and birthdate. The juvenile correctly identified himself and stated that his birthdate was in October 1964. As Officer Masterrer was filling out his report, the juvenile P.P. stated, with no prompting from the officer, “No, I’m— that’s not the correct date. It’s this one;” he then stated that his birthdate was in October 1965. While the officer was still talking to the juvenile P.P. and before he had completed his report, the juvenile P.P. stated that his birthdate was October 15, 1966. This latter date was, in fact, the correct birthdate of the juvenile P.P. Officer Masterrer put this correct date of birth in his arrest report and thereafter transported the juvenile P.P. to Youth Hall.
At the conclusion of the trial below, the juvenile P.P., through counsel, moved for a judgment of non-delinquency on the ground that the evidence failed to establish a prima facie case of obstruction of justice in that *1141 the juvenile had, in fact, voluntarily corrected any prior false birthdates given to the officer. The motion was denied and the juvenile P.P. was found delinquent as charged. This appeal follows.
The juvenile P.P. was charged with violating Section 21-26(A)(3)(a), Code of Metropolitan Dade County [made a misdemeanor by § 125.69, Fla.Stat.(1983) ], which provides as follows:
“Firemen, policemen, service, execution of process; court order; hindering, obstructing justice.
(A) Prohibitions.

(3) It shall be unlawful for any person to knowingly obstruct justice. A person obstructs justice when, with intent to prohibit the apprehension or obstruct the prosecution or defense of any person, the person knowingly commits any of the following actions: (a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, or furnishes false information;

Id.

The state, in our view, failed to establish an essential element of this offense, namely, that the juvenile “knowingly ... furnish[ed] false information” by giving, as charged, a false birthdate to the arresting officer. The undisputed evidence shows that the juvenile, in fact, gave his correct birthdate to Officer Masterrer who, in turn, placed this date in the arrest report. Prior thereto, the juvenile did give technically “false” birthdates to the officer, but those dates were, in fact, retracted before the officer made out his arrest report. Just as in perjury prosecutions where a defendant may recant his intentionally false testimony prior to the final submission of the case, Jones v. State, 400 So.2d 12 (Fla.1981); Carter v. State, 384 So.2d 1255 (Fla.1980); Brannen v. State, 94 Fla. 656, 114 So. 429 (1927); State v. Snipes, 433 So.2d 653 (Fla. 1st DCA 1983), so, too, one accused of obstructing justice, as here, should be able to retract any “false information” before it is officially recorded or does any harm. The underlying policy in both such cases is first, to encourage witnesses to tell the truth to the authorities and, second, the correlative need to induce such witnesses to correct, without fear of prosecution, their prior falsehoods before they have done any harm.
The final adjudication of delinquency under review is reversed and the case remanded to the trial court with directions to discharge the juvenile from the cause.
Reversed and remanded.