481 So.2d 9 (1985)
C.T., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. BD-397.
District Court of Appeal of Florida, First District.
November 20, 1985.
Rehearing Denied January 24, 1986.
*10 Michael E. Allen, Public Defender, and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal from an amended order of disposition which (1) found that appellant committed the offense of opposing a law enforcement officer without violence, and (2) continued appellant on community control. We reverse.
In 1983 the appellant, who was then only 12 years old, was found to have committed the offense of burglary of a structure, and was placed on community control. On September 15, 1984 the appellant was stopped by a Gainesville police officer because the bicycle he was riding had no headlight. When stopped, the appellant gave the officer a false name which the officer then wrote on the citation he planned to issue to the appellant. After partially filling out the citation form, the officer ran the false name appellant had given him through the police computer to check for outstanding warrants. Immediately thereafter, and while still at the scene of the initial stop, the appellant admitted his falsehood and gave the officer his true legal name. The officer then arrested appellant for opposing a law enforcement officer without violence, in violation of § 843.02, Fla. Stat.
Here, as in P.P. v. State, 466 So.2d 1140 (Fla. 3d DCA 1985), the juvenile voluntarily corrected the false information he gave the officer before any real harm was done. Although the false information given by the juvenile defendant in this case was "officially recorded" in the sense that it was written on the traffic citation the officer was preparing to issue and was run through the police computer, it was undisputed that the juvenile promptly and voluntarily recanted the false information and thus did not interfere with the officer's performance of his duties other than by causing a relatively insignificant loss of time.
The amended order of disposition finding that appellant committed the offense of opposing a law enforcement officer without violence (§ 843.02, Fla. Stat.) is reversed.
MILLS and SMITH, JJ., concur.