NESBITT, Judge.
Barr and McQueen, codefendants below, appeal from their convictions of official misconduct as defined in section 839.-25(l)(b), Florida Statutes (1983).[1] We find *176 that the trial court correctly denied the defendants the right to employ the defense of recantation to the charge of official misconduct and affirm.
Barr and McQueen were charged with official misconduct for falsifying the police reports they filed concerning a burglary investigation. The reports indicated that McQueen had discovered a gun case, allegedly stolen during the burglary, in the back of his patrol car after transporting the burglary suspect to the station in the car. In truth, the gun was not discovered until the following day by another officer making a routine search of the vehicle. The reports were falsified at the suggestion of yet another officer in an attempt to avoid any reprimand or penalty, since McQueen had neglected to search the car at the end of his shift as required by regulation. The following morning, after another officer had reported that false reports had been filed in this matter, the defendant’s supervisor initiated an investigation. Only after being questioned about the reports did Barr and McQueen orally recant the untruthful statements they had made in their reports, although it was not apparent that they had knowledge that an investigation had begun.
At the conclusion of the trial, the trial court denied the defendants’ motion for a judgment of acquittal based upon the defense of recantation. The trial court also denied their request to instruct the jury on the defense of recantation. The jury then returned guilty verdicts for both defendants of the charge of official misconduct. Barr and McQueen subsequently brought these appeals, which have been consolidated, challenging the trial court’s denial of their motion for a judgment of acquittal and their motion to instruct the jury on the defense of recantation.
The common law defense of recantation has previously been held applicable only to the crimes of perjury and obstructing justice. We decline to extend it to the statutory offense of official misconduct.
The defense of recantation is a non-exculpatory defense which is offered to a defendant as a matter of public policy in order to aid the search for truth in the judicial process. See Carter v. State, 384 So.2d 1255, 1257 (Fla.1980); Brannen v. State, 94 Fla. 656, 114 So. 429 (1927); State v. Bielecki, 196 NJ.Super. 332, 482 A.2d 527 (App.Div.), cert. denied, 99 N.J. 216, 491 A.2d 710 (1984). See generally Robinson, Criminal Law Defenses: A Systematic Analysis, 82 Colum.L.Rev. 199, 230-31 (1982) (defining various non-exculpatory public policy defenses). This policy is effected by encouraging the defendant to reveal the truth without fear of criminal prosecution for perjury. Since the decision to allow this defense is one of public policy, the decision to extend its applicability to an offense entirely different from that of perjury must also be a question of public policy. It is the legislature which is entrusted with, and better equipped to handle, decisions concerning public policy matters. See Zorzos v. Rosen, 467 So.2d 305 (Fla.1985); Shands Teaching Hosp. & Clinics, Inc. v. Smith, 480 So.2d 1366, 1367 (Fla. 1st DCA 1985) (Barfield, J., concurring), aff'd, 497 So.2d 644 (Fla.1986); see also Keaton v. Kroger Co., 143 Ga.App. 23, 237 S.E.2d 443 (1977). Therefore, the decision to extend the common law defense of recantation to the offense of official misconduct is a public policy matter which should be left to the legislature. Cf. Zorzos, 467 So.2d at 305 (decision to create a cause of action for loss of parental consortium best left to legislature with its greater ability to study and circumscribe the cause); Illinois v. Gray, 146 Ill.App.3d 714, 100 Ill.Dec. 204, 496 N.E.2d 1269 (1986) (court refused to extend recantation, a statutory defense to perjury, to the offense of obstructing justice). But cf. P.P. v. State, 466 So.2d 1140 (Fla. 3d DGA 1985) (extending defense of recantation to offense of *177 obstructing justice by giving false information, finding that the underlying policy of both that offense and perjury to be the same).
Second, even assuming that we may properly decide this issue, public policy does not favor the extension of the defense of recantation to the offense of official misconduct. This court previously held that recantation was an applicable defense to the offense of obstructing justice by giving false information because the underlying policy in both cases is the same, that is, to encourage witnesses to tell the truth and correct previous falsehoods without fear of criminal prosecution, if corrected before any harm is done. P.P., 466 So.2d at 1141. This same policy is not applicable to the offense of official misconduct.
Section 839.25 requires that an offending act be committed with a corrupt intent. By definition, the corruption element seeks to prohibit any act which would be inconsistent with the proper performance of a public duty. See § 838.014, Fla.Stat. (1985). Though this element may not be sufficiently defined by chapter 838 to cure an otherwise constitutionally infirm statute, see State v. DeLeo, 356 So.2d 306 (Fla.1978) (holding that the element of corruption does not cure the susceptibility of section 839.25(1)(c) to arbitrary application), it sufficiently demonstrates that the legislature, in enacting section 839.25, originally enacted as part of chapter 838, intended more than to simply compel public officials to tell the truth. The legislature was seeking to protect the integrity of public officers, the operation of government, and ensure that public officials do not harm the public. Cf. Clayton v. Willis, 489 So.2d 813 (Fla. 5th DCA) (the common law crime of official misconduct, now replaced by section 839.-25, included all acts of malfeasance, misfeasance, and nonfeasance which directly injured the public), review denied, 500 So.2d 546 (Fla.1986); Zerweck v. State Comm’n on Ethics, 409 So.2d 57 (Fla. 4th DCA 1982) (primary objective of Code of Ethics for Public Officials and Employees is to ensure that government officials discharge their fiduciary duties owed to the public); § 112.311, Fla.Stat. (1985).
Under circumstances involving similar policy considerations, our supreme court rejected an attempt to extend the defense of recantation. In In re Inquiry Concerning A Judge, Leon, 440 So.2d 1267 (Fla. 1983), a judge, facing removal from the bench on charges that, inter alia, he untruthfully denied having had improper ex parte conversations, sought to analogize his situation to that of a charge of perjury and asserted the defense of recantation. The court declined to extend the defense, implicitly finding that the application of recantation would conflict with the policy behind the charge of judicial misconduct by making false statements.
The integrity of the judicial system, the faith and confidence of the people in the judicial process, and the faith of the people in the particular judge are all affected by false statements of a judge. Recantation does not remove the impression that the judge attempted to use the prestige of his office to influence the outcome of a case pending in his court and, when discovered, lied ... about his involvement.
440 So.2d at 1269.
The application of the defense of recantation in the present case would, likewise, conflict with the policy of section 839.25, that is, to protect the integrity of public officials and the operation of government, and ensure that government officials discharge the fiduciary duties entrusted to them by the public. Officers Barr and McQueen recanted the false information contained in their reports only after suspecting that they might be found out. Allowing them to assert the defense of recantation does not remove the impression that they used their positions to avoid the consequences of their mistake and thereby benefit. Thus, public policy does not support the extension of recantation as a defense to official misconduct.
Since the decision to extend recantation to the offense of official misconduct ought to be left to the legislature and because the policy considerations underlying the defense of recantation are outweighed by *178 those present in this case, we hold that the trial court properly denied the defendants’ requests for judgments of acquittal and also correctly rejected their proposed jury instructions on recantation. Accordingly, the convictions are
Affirmed.

. Section 839.25 provides, in pertinent part: (1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
*176 lb) Knowingly falsifying, or causing another to falsify, any official record or official document.
(2) “Corrupt" means done with knowledge that act is wrongful and with improper motives.
(3) Official misconduct under this section is a felony of the third degree....