559 So.2d 702 (1990)
In the Interest of J.H., a Child.
No. 89-1157.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
*703 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant-J.H.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David D. McLauchlin, Asst. Atty. Gen., West Palm Beach, for appellee-State of Fla.
STONE, Judge.
We affirm a disposition order finding that the appellant committed the delinquent acts of theft of a motor scooter and resisting arrest without violence  by obstructing or opposing an officer by giving false information, a fictitious name. The appellant asserts, among other claims, that the court erred by denying a motion to dismiss the obstruction charge.
The facts are not in dispute. The appellant was stopped for riding a motor scooter without mirrors or a helmet. The appellant had no identification and gave the police officer a false name. The officer, incident to issuing a citation, ran a check on the license tag and learned that the scooter had been reported stolen. The officer then placed the defendant under arrest and read him the Miranda warnings. It was not until after this that the appellant, voluntarily, gave his correct name.
Section 843.02, Florida Statutes (1989), provides, in part:
843.02 Resisting officer without violence to his person.  Whoever shall resist, obstruct, or oppose any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor... .
The appellant relies upon C.T. v. State, 481 So.2d 9 (Fla. 1st DCA 1985). There, the court reversed a conviction of a twelve year old child on the same charge. In C.T., the juvenile, stopped for riding a bicycle without a headlight, gave a false name which the officer ran through the computer. Immediately thereafter the juvenile corrected the falsehood, "before any real harm was done." Id. at 10. The court reasoned that the false identification had not interfered with the officer's performance of his duties "other than causing a relatively insignificant loss of time." Id. at 10.
The state relies upon Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988). In that case a defendant, stopped under similar circumstances, gave the officer a false name and several social security numbers. He was immediately placed under arrest because the officer considered that the false information impaired the investigation. However, unlike C.T., the defendant had not recanted. Rather, the defendant, immediately after his arrest for resisting without violence, ran off. In Barkley, the court recognized that an arrest under section 843.02 may be based on the giving of such false information and held that it was valid.
We need not determine whether to concur with C.T. v. State since here the appellant was already under arrest for the theft of the motor scooter before confessing to his true identity. We can discern no reason to limit the application of the statute under such circumstances.
*704 We also find no merit in the other issues raised by appellant. Therefore, the order is affirmed.
GUNTHER, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
I would affirm that part of the trial court's order which found appellant guilty of grand theft but withheld adjudication and that part which ordered appellant to pay restitution to the victim, but would reverse the trial court's order as to the charge of obstruction of an officer without violence, and reverse and remand with directions to dismiss. See C.T. v. State, 481 So.2d 9 (Fla. 1st DCA 1985). Dismissal of the obstruction charge would necessitate resentencing on remand.