585 So.2d 495 (1991)
STATE of Florida, Appellant,
v.
David Russell TOWNSEND, III, Appellee.
No. 90-2291.
District Court of Appeal of Florida, Fifth District.
September 12, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
Joseph W. DuRocher, Public Defender, and Christine M. Warren, Asst. Public Defender, Orlando, for appellee.
HARRIS, Judge.
On May 15, 1990 Deputy Collins saw a vehicle speed past him on Pine Hill Road in Orange County. He pursued the vehicle and observed it turn into a parking lot. When he entered the parking lot, Deputy Collins saw David Russell Townsend and another individual standing outside the automobile.
Deputy Collins asked Townsend for identification; Townsend stated that he had none. When Deputy Collins asked Townsend why he was driving without a license, Townsend denied that he was driving claiming instead that Gary Poellien, who was also standing near the car, was the driver. Upon further questioning, Townsend gave his name as Sean Michael Downey and his address as 6210 Seybold. While Deputy Collins spoke with Townsend, Deputy Callahan spoke with Mr. Poellien who stated that the car belonged to Townsend and that Townsend was driving.
While Deputy Collins ran a computer check, appellee admitted to Deputy Callahan that he had given a false address. The computer check revealed that the vehicle was registered to David Townsend. Upon being advised of this, Townsend admitted that the car was his, but again claimed that his name was Downey. Only after arrest and further questioning did appellee reveal his true name.
The State charged Townsend with resisting arrest without violence by obstructing an officer attempting to issue a traffic citation or investigate a traffic infraction. Townsend moved to dismiss the information on the ground that he recanted the false information before booking. The trial court dismissed the charge but certified the following question to this court:

*496 Has an offense under Florida Statute 843.03 occurred when, during a lawful investigation, a defendant gives a police officer a false name, is then arrested under Florida Statute 843.03, and after being placed under arrest, prior to booking, gives his correct name?
We answer the question in the affirmative and reverse.
We agree with In Interest of J.H., 559 So.2d 702 (Fla. 4th DCA 1990) that the policy reason for excusing false testimony in order to induce witnesses to change their statement and tell the truth as enunciated in P.P. v. State, 466 So.2d 1140 (Fla.3d DCA 1985) is no longer applicable after an arrest has occurred.
Townsend, by his constant lying, made the investigation of a simple misdemeanor driving without a license charge far more time consuming than it normally would be. His post-arrest admission of his identity, after it was discovered by the officer through other means, was mere confirmation after the investigation was, for all practical purposes, complete.
This decision is consistent with Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989).
REVERSED and REMANDED for further proceedings.
COBB and GRIFFIN, JJ., concur.