ORFINGER, M., Senior Judge.
Reserving her right to appeal the disposi-tive motion to suppress, appellant entered a plea of no contest to possession of cocaine and drug paraphernalia, following which adjudication of guilt was withheld and she was placed on drug offender probation. She contends that her arrest was unlawful resulting in an illegal search. We agree and reverse.
The arresting officer was given a tip that a suspect in some recent thefts was staying at a certain motel. When he arrived there he saw appellant, whose description matched that of the suspect, and who ran when she saw him. He testified that when he approached appellant he had no reason to detain her, and when he asked if he could have a minute of her time, she agreed but was free to leave at any time. When asked, she first gave her name as Debbie Diane Thomas, but when a passerby recognized her as Debbie Burdess, she admitted to the officer that her name was Debbie Burdess and gave her correct date of birth. The officer testified that no more than three minutes elapsed between the time he first approached her and the time he learned her correct name, but he arrested her for resisting an officer without violence, pursuant to section 843.02, Florida Statutes (1997). A search of her purse then revealed the contraband.
There was no testimony that the officer was impeded in any way by the giving of the original false information. No reports were prepared based on it, nor was any action taken in reliance on it. The information was corrected before it did any harm, and appellant was not being legally detained. See Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989);[1] C.T. v. State, 481 So.2d 9 (Fla. 1st DCA 1985); P.P. v. State, 466 So.2d 1140 (Fla. 3d DCA 1985). Cf. Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987) (giving of false name resulted in filing of information against and court appearance of wrong person).
REVERSED.
DAUKSCH and COBB, JJ., concur.

. Steele has been interpreted to hold that a person is not obligated to give his or her correct identity to an officer unless that person is legally detained. See D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995). See also, Robinson v. State, 550 So.2d 1186 (Fla. 5th DCA 1989).