766 So.2d 252 (2000)
Dewayne FRIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4177.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Dewayne Fripp appeals his convictions of possession of cocaine and obstructing an officer without violence. See §§ 893.13(6)(a), 843.02, Fla. Stat. (1997). We affirm, finding that appellant failed to preserve the issue raised by his motion to *253 suppress and that his conduct amounted to a violation of section 843.02.
Officer Russell Lichter of the West Palm Beach Police Department stopped Fripp a little before midnight on April 18, 1998 for running a stop sign. Fripp told the officer that his name was "John Fripp." The officer ran a computer search and found no record of a driver's license listed under that name. When Lichter asked him for his driver's license, Fripp said that he had no license, insurance, or registration. Suspecting Fripp of lying, the officer asked him for his true name and if he had a license. The defendant "continued to stick with [the name] John Fripp." The defendant appeared nervous and "fidgety." The officer saw Fripp place a cigarette pack on the top of the car's visor.
The officer arrested the defendant for operating a motor vehicle without a valid driver's license, a misdemeanor contrary to section 322.03(1), Florida Statutes (1997). A search of the car incident to the arrest revealed a small amount of cocaine in the cigarette pack the defendant had put on top of the visor.
While being booked at the police station, the defendant identified himself by his actual name, Dewayne Fripp, and said that he had a driver's license. A computer check verified that a valid license had been issued to Fripp under that name.
The trial court denied a motion to suppress the cocaine and found the defendant guilty of both charges after a bench trial.
The defendant failed to preserve the denial of his motion to suppress the cocaine for appellate review, because defense counsel stated "[n]o objection" when the state introduced the cocaine at trial.
An identical preservation issue was before this court in Baglio v. State, 467 So.2d 1030 (Fla. 4th DCA 1985). In that case, the defendant challenged the trial judge's pretrial denial of a motion to suppress physical evidence on fourth amendment grounds. During trial, the evidence was admitted. This court held that appellate review of the trial court's ruling on the motion to suppress had been waived, noting that "[d]efense counsel not only failed to object but specifically stated that he had no objection to the admission" of the evidence. Id. at 1030; see Robertson v. State, 94 Fla. 770, 774-75, 114 So. 534, 536 (1927); Henley v. State, 719 So.2d 990 (Fla. 4th DCA 1998); Duperier v. State, 568 So.2d 976 (Fla. 4th DCA 1990).
Addressing the merits, we reject Fripp's contention that the officer did not have the authority to arrest him on the driver's license charge. A violation of section 322.03(1) is a second degree misdemeanor. See § 322.39, Fla. Stat. (1999). A law enforcement officer may arrest a person without a warrant when the person has committed a misdemeanor "in the presence of the officer." § 901.15(1), Fla. Stat. (1999); see State v. Carmody, 553 So.2d 1366 (Fla. 5th DCA 1989). At the time of the arrest, the officer had probable cause to believe that the defendant had violated section 322.03(1).
Fripp also argues that the evidence at trial was "insufficient to prove obstruction" under section 843.02. To support a conviction under this statute, the state must prove that (1) a law enforcement officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action constituted an obstruction of that legal duty. See S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995).
Fripp concedes that he gave a false name to the officer and did not correct that falsehood until he arrived at the booking desk after his arrest, but argues that such conduct did not amount to an "obstruction" under the statute. Fripp relies upon C.T. v. State, 481 So.2d 9 (Fla. 1st DCA 1985), but this case is distinguishable.
In C.T., the defendant was stopped for riding a bicycle without a headlight. He gave a false name to the officer. After *254 partially filling out the citation form, the officer ran the false name through the police computer to check for outstanding warrants. "Immediately thereafter, and while still at the scene of the initial stop, the appellant admitted his falsehood and gave the officer his true legal name." Id. at 10. The first district reversed the defendant's conviction because, even though the false name had been "officially recorded" on the citation, "it was undisputed that the juvenile promptly and voluntarily recanted the false information and thus did not interfere with the officer's performance of his duties other than by causing a relatively insignificant loss of time." Id.
Similarly, in Burdess v. State, 724 So.2d 604 (Fla. 5th DCA 1998), while a police officer was conducting a theft investigation, the defendant gave the officer a false name. When a passerby recognized the defendant, she admitted her true name to the officer and gave her correct date of birth. The officer testified that no more than three minutes elapsed between the time he first approached her and the time he learned her correct name, but he arrested her for resisting an officer without violence, pursuant to section 843.02. The fifth district reversed the conviction, observing that
[t]here was no testimony that the officer was impeded in any way by the giving of the original false information. No reports were prepared based on it, nor was any action taken in reliance on it. The information was corrected before it did any harm, and appellant was not being legally detained.
Id. at 604 (citations omitted).
Unlike the defendants in Burdess and C.T., Fripp twice gave a false name at the scene of the stop and did not correct the falsehood until he was at the booking desk after he was arrested and transported to the police station. This case is controlled by In the Interest of J. H., 559 So.2d 702 (Fla. 4th DCA 1990), where this court affirmed a defendant's conviction under section 843.02 for giving a false name after he had been pulled over for a traffic infraction; this court found it significant that the defendant "was already under arrest for the theft of the motor scooter before confessing to his true identity." Id. at 703. As the fifth district observed in State v. Townsend, 585 So.2d 495, 496 (Fla. 5th DCA 1991), "the policy reason for excusing false testimony in order to induce witnesses to change their statement and tell the truth ... is no longer applicable after an arrest has occurred." (Citation omitted).
AFFIRMED.
STEVENSON and SHAHOOD, JJ., concur.