KLEIN, J.
Appellant pled guilty to charges after drugs were found during a search incident to an arrest, reserving the right to appeal the denial of his motion to suppress. He argues that the arrest warrant, for driving without a license, was invalid, as the officer should have known, based on conflicting records, that he had a valid license. We reverse.
The detective who arrested appellant testified he had known him for fourteen years. During a prior arrest in 1990, he had written in the arrest papers that appellant’s date of birth was 8-10-74, because that is what appellant had told him. The state presented documents showing that appellant had been involved in forty cases (as defendant or complainant) between 1990 and 1993, when he had gone to prison, and thirty nine reported the 1974 birth date. One listed his birth date as the same month and day in 1975. The names, addresses, and social security number were the same; however, the records showing the earlier date indicated no driver’s license, and the record showing the later date indicated a valid license.
The detective explained that, about a month before arresting appellant, he recognized appellant driving and had dispatch run his name to see if he had a valid license. Dispatch responded that a person with that name and a 1974 birth date did not have a license. Because the detective was in the middle of an undercover operation he did not arrest appellant that day, but subsequently obtained the warrant on which the arrest in this case was based.
*993 The detective admitted that at some point he had obtained a copy of appellant’s “inmate release status report,” which gave a driver’s license history, the number of the driver’s license, and both birth dates. After running the second birth date through the computer the detective discovered appellant had a valid license. He could not remember, however, whether he had the information showing a valid license at the time he arrested appellant, or got it later that day.
Appellant testified that he was born in 1975 and that he could not recall ever giving the wrong date to an arresting officer. He discovered the mistake after he went to prison in 1993 and had it corrected by presenting his birth certificate. It was undisputed that appellant gave his birth date as 8-10-75 when he was arrested in this case.
The trial court found that, even though appellant had a valid license as reflected by the record showing the 1975 birth date, the records showing the 1974 birth date and no valid license resulted from appellant lying about his age. Based on the finding that the incorrect records were caused by appellant, the court denied the motion to suppress, relying on Fripp v. State, 766 So.2d 252 (Fla. 4th DCA 2000).
In Fripp, an officer stopped the defendant for running a stop sign, and the defendant gave the officer an incorrect name and stated that he had no license. A computer check confirmed that there was no license registered to the false name. The officer then arrested the defendant for not having a license, and in a search incident to the arrest, discovered contraband. We affirmed denial of the motion to suppress. Fripp is distinguishable from this case because in Fripp the arrest was based entirely on the false information Fripp gave the officer, not conflicting and incorrect records of the state.
The only material fact issues at the suppression hearing were whether the conflicting records were the fault of the appellant and whether the officer knew of the record with the 1975 birth date showing appellant had a valid license when he arrested appellant. Resolving those issues in favor of the State we still conclude that the case law requires suppression.
In State v. White, 660 So.2d 664, 665 (Fla.1995), an officer, relying on an outstanding warrant for arrest, conducted a search incident to arrest and discovered contraband. It was subsequently discovered that the warrant had been served four days earlier, and was therefore no longer valid. In holding that the evidence produced by the search should have been suppressed our supreme court explained:
[W]e find that the error under review boils down to one unmistakable fact— failure of the police to maintain up-to-date and accurate computer records resulted in an illegal arrest and search. This type of police negligence fits squarely within the class of governmental action that the exclusionary rule was designed to deter, i.e., police negligence or misconduct that is likely to be thwarted if the evidence seized is suppressed. Suppression of evidence seized pursuant to police computer error will encourage law enforcement agencies to diligently maintain accurate and current computer records.
Id. at 667.
The rationale of White was extended to driver’s license records in Shadler v. State, 761 So.2d 279, 281, 282 (Fla.2000), in which the defendant had been arrested because the record erroneously showed a suspended license when in fact the license was valid. Our supreme court stated in Shadier:
[T]he failure of the police to maintain accurate and updated records fit into the *994 category of conduct meant to be covered by the exclusionary rule .... [and] if the error causing the arrest is attributable to law enforcement personnel, then the seized evidence must be suppressed under the exclusionary rule.
The only significant distinction between the present case and White and Shadler is that in the present case the mistake in the records was originally caused by appellant giving the police an incorrect birth date. Those records, however, should have been corrected. The arresting officer admitted that if the dispatcher had given him full information, including the record showing the 1975 birth date and a valid license, he would have clarified the conflict before proceeding farther.
The order denying suppression in this case is therefore contrary to the policy established in White and reiterated in Shadier that evidence seized under these circumstances must be suppressed in order to make law enforcement “diligently maintain accurate and current” records. White, 660 So.2d at 667. We therefore reverse.
FARMER and MAY, JJ., concur.