943 So.2d 905 (2006)
C.C., JR., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-679.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant was found guilty of the charge of lewd and lascivious molestation, and sentenced to a term of probation. The only question raised by this appeal is the sufficiency of the evidence to convict him. Although the young victim could not remember what the perpetrator's face looked like at the time of trial, her out-of-court identification was sufficient to support the trial court's finding of guilt. See State v. Freber, 366 So.2d 426 (Fla.1978). With respect to all other issues, we have considered the briefs and reviewed the trial transcript. "[T]he determination of whether appellant's `act was in fact lewd and lascivious' is a question of fact and is based upon the circumstances of each individual case." W.R.H. v. State, 763 So.2d 1111, 1112 (Fla. 4th DCA 1999) (citing Chesebrough v. State, 255 So.2d 675, 679 (Fla.1971)). Although appellant offered several witnesses whose testimony, if believed, would have exonerated him, the trier of fact chose to believe the victim. The victim's testimony was sufficient to sustain the finding of *906 guilt, and we cannot substitute our judgment for the fact-finder's on issues of witness credibility. See Windom v. State, 886 So.2d 915, 927 (Fla.2004) ("This Court has held that it will not substitute its judgment for that of the trial court on questions of fact, and likewise on the credibility of witnesses and the weight given to the evidence so long as the trial court's findings are supported by competent, substantial evidence.").
AFFIRMED.
ORFINGER, LAWSON and EVANDER, JJ., concur.