971 So.2d 942 (2007)
L.J., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1494.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nicholas Merlin, Assistant Attorney General, for appellee.
Before SUAREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
L.J., a juvenile, appeals from the trial court's order withholding adjudication of delinquency and placing him on probation for the offense of providing a false name to a law enforcement officer, in violation of section 901.36(1), Florida Statutes (2006).[1] We affirm.
At the adjudicatory hearing, the testimony, in the light most favorable to the State, was as follows. The arresting officer and another officer were on truancy patrol *943 when they encountered L.J., who they believed was a truant. In response to the arresting officer's request for identification, L.J. gave the officer a false name and date of birth, and stated that he had graduated from Central High. Based on the information provided, the officers called Central High and obtained several names that could have possibly matched the information given by L.J. Thereafter, the arresting officer logged on to the "David System," which allows police officers to view Florida driver's license photographs. The photograph that was retrieved, based on the information provided by L.J., did not match L.J.'s appearance. Thereafter, the arresting officer asked L.J. for his name, and L.J. continued to provide the false name. Believing that L.J. was lying, the officers took L.J. into custody. While L.J. was being transported to the police station, he gave the officer his real name and date of birth. The officer entered this information into the David System, which showed that L.J. was a runaway.[2] The entire encounter lasted approximately twenty to thirty minutes, with fifteen to twenty minutes expended at the side of the road attempting to obtain correct information from L.J., and five to ten minutes spent transporting L.J. to the police station.
After the State rested, L.J. moved for a judgment of acquittal, which was denied. The trial court found L.J. guilty as charged, withheld adjudication, and placed L.J. on probation.
On appeal, L.J. argues that the trial court erred by denying his motion for judgment of acquittal[3] because he recanted his false name before any "real harm" was done. We disagree.
A trial court's denial of a motion for judgment of dismissal is reviewed by appellate courts de novo. See A.A.R. v. State, 926 So.2d 463, 465 (Fla. 4th DCA 2006) ("The standard of review applicable to a motion for judgment of dismissal in a juvenile case is the same as the standard for a motion for judgment of acquittal in a criminal case, de novo review."); A.P.R., 894 So.2d at 285 ("The denial of a motion for judgment of dismissal is reviewed by this court de novo.").
In support of his argument, L.J. relies on A.A.R., 926 So.2d at 463. In A.A.R., A.A.R. gave a false name to a police officer while being legally detained for suspected underage smoking. A.A.R. recanted before he was arrested, transported, or booked, but it took A.A.R. ten to fifteen minutes to give the officer his correct name. A.A.R. was adjudicated delinquent for giving a false name to a law enforcement officer, in violation of section 903.36(1), Florida Statutes (2004).
On appeal, A.A.R. argued that the trial court erred by denying his motion for judgment of dismissal based on the common law recantation defense. The Fourth District explained that prior to the adoption of section 901.36(1) in 1999, a person *944 who gave a false name to a police officer was charged with either obstructing justice or resisting an officer without violence, under section 843.02, Florida Statutes, and that cases interpreting section 843.02 have "recognized a recantation defense where the defendant acted with sufficient promptness in correcting the false name." A.A.R., 926 So.2d at 465. The Fourth District recognized that the public policy behind the recantation defense in obstruction of justice and perjury prosecutions is to encourage the person making the false statement to tell the truth, and "the correlative need to induce [the person making the false statement] to correct, without fear of prosecution, their prior falsehoods before they have done any harm." Id. at 466 (quoting P.P. v. State, 466 So.2d 1140, 1141 (Fla. 3d DCA 1985)). Moreover, "[t]he extent of the delay correlates to the amount of harm done, if any." A.A.R., 926 So.2d at 466. The Fourth District found that the recantation defense for an obstruction of justice charge "applies equally to the current `false name' statute." Id. In addition, the Fourth District found that the trial court erred by denying A.A.R.'s motion for judgment of dismissal where "no serious harm was done" based on the fact that he "recanted and provided his true name to the officers before he was arrested, transported, or booked" and "the officers did not prepare any reports based on the false name or take any action in reliance on it." Id. at 464-66.
We agree with L.J.'s argument that the common law recantation defense is available in a prosecution under section 936.01. However, we find that L.J.'s reliance on A.A.R. is misplaced as the facts are distinguishable. Unlike the juvenile in A.A.R., L.J. was in custody and in the process of being transported to the police station when he decided to recant the false information. Thus, when L.J. recanted, serious harm had already occurred.
Not only is A.A.R. distinguishable, and therefore, inapplicable, but the facts presented in this case are similar to the factual scenario in Fripp v. State, 766 So.2d 252 (Fla. 4th DCA 2000), and State v. Townsend, 585 So.2d 495 (Fla. 5th DCA 1991), in which the appellate courts found that once the defendants were arrested, the policy reasons behind excusing the providing of false information were no longer applicable. Fripp, 766 So.2d at 254 (holding that policy reason for excusing false testimony is no longer available after an arrest has occurred); Townsend, 585 So.2d at 496 (holding that the "policy reason for excusing false testimony in order to induce witnesses to change their statement and tell the truth . . . is no longer applicable after an arrest has occurred"). Accordingly, we affirm the order under review as the trial court correctly denied L.J.'s motion for judgment of acquittal.
Affirmed.
NOTES
[1] Section 901.36(1), Florida Statutes (2006), provides in part as follows:

It is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer or any county jail personnel.
[2] L.J. was reported as a runaway because he reported late to his Job Corps dormitory. Job Corps, however, failed to remove the missing person report from the system.
[3] "[T]he Florida Rules of Juvenile Procedure do not provide for a motion for judgment of acquittal, [however] rule 8.110(k) does permit a juvenile to move for a judgment of dismissal at the close of the state's case in chief if the evidence is not sufficient to establish a prima facie case of guilt." A.P.R. v. State, 894 So.2d 282, 285 n. 2 (Fla. 5th DCA 2005); see also J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003) ("Though referred to as a judgment of acquittal, under the Rules of Juvenile Procedure, the proper title of the motion should have been a Motion for Judgment of Dismissal. Notwithstanding, this court uses the same standard on review as for a judgment of acquittal.") (citation omitted).