# Third District Court of Appeal
## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0885
Lower Tribunal No. F19-12604
_____

**Manny Lazaro Melendez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Harvey J. Sepler, P.A., and Harvey J. Sepler (Hollywood), for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

PER CURIAM.

This court has not evaluated the "benefit" element in the current version of section 838.022, Florida Statutes, though we have previously upheld convictions under section 839.25, Florida Statutes, the predecessor statute to section 838.022, where the offending officer falsified official reports to avoid punishment for failure to follow office procedures. See Barr v. State, 507 So. 2d 175, 177 (Fla. 3d DCA 1987) ("Officers Barr and McQueen recanted the false information contained in their reports only after suspecting that they might be found out. Allowing them to assert the defense of recantation does not remove the impression that they used their positions to avoid the consequences of their mistake and thereby benefit."); Bauer v. State, 609 So. 2d 608, 611 (Fla. 4th DCA 1992) (citing Barr for the proposition that the State can prove the officer's intent to benefit by direct or circumstantial evidence that the falsification of documents "was intended to avoid punishment, whether it be in the form of a reprimand, lawsuit, criminal charges, termination or the like," and finding that circumstantial evidence that officer's actions were deliberate and "inconsistent with simply an honest mistake" satisfied this element); Hames v. City of Miami Firefighters' & Police Officers' Tr., 980 So. 2d 1112, 1117 (Fla. 3d DCA 2008) (noting, as basis for predicate offense, that officer violated section 839.25, Florida Statues, by giving "a false, sworn statement to investigators to hide the actions of his

2

fellow officers from the eyes of the law"). Based on the facts before us, the result would be the same under either version of the statute.

Affirmed.