372 So.2d 1180 (1979)
Oliver HARTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2255.
District Court of Appeal of Florida, Second District.
July 18, 1979.
*1181 Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
On April 21, 1978, appellant Oliver Hartley pled guilty to burglary and grand theft charges, and was sentenced to five years probation. He appeals from the revocation of his probation for violating the condition of probation requiring him to live and remain at liberty without violating any law.
On November 30, 1978, appellant's probation officer filed an affidavit alleging violation of the above condition in that appellant burglarized a residence and "obstructed justice by disguise person giving police officers an incorrect identification of himself . ."
At the revocation hearing, no evidence was presented on the alleged burglary violation. A police officer testified that he interviewed appellant after appellant's arrest on a burglary charge and that appellant told the officer his name was Joe Hardy, spelled it as Hardy, and gave an incorrect birth date. The court found appellant had violated the probation condition by obstructing justice by being a disguised person and giving false information to the police officer. The court revoked probation and adjudicated appellant guilty of the original charges of grand theft and burglary, assigning concurrent five year jail sentences with credit for all time served.
Appellant argues that he could not be guilty of obstructing justice by disguised person since giving a false name and birth date does not come within the ordinary meaning of disguise. We agree.
Section 843.03, Florida Statutes (1977), provides that:
Whoever in any manner disguises himself with intent to obstruct the due execution of the law, or with the intent to intimidate, hinder or interrupt any officer, beverage enforcement agent, or other person in the legal performance of his duty or the exercise of his rights under the constitution or the laws of the state, whether such intent is effected or not, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
"Disguise" may be defined as: to change the style of dress of, to give a new form or character, or to hide or obscure the true character by altering appearance. Webster's New International Dictionary, 747 (2d Ed. 1957). Courts have interpreted the word "disguise" to refer to concealment of identity by masks or vestments. Hardyman v. Collins, 80 F. Supp. 501 (S.D.Cal. 1948), *1182 rev'd, 183 F.2d 308 (9th Cir.1950), aff'd, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). "Disguise" is a change of guise or appearance, especially by unusual dress. Darneal v. State, 14 Okla. Cr. 540, 174 P. 290 (1917), 1 A.L.R. 638 (1919).
These definitions all contain some reference to physical concealment in dress or appearance, and do not encompass appellant's conduct of giving police a false name and birth date. We hold that the term "disguise" as used in Section 843.03, Florida Statutes (1977), is not so broad as to include appellant's conduct.
Since the evidence presented at appellant's probation revocation hearing showed no violation of law as charged, the revocation cannot stand. We reverse the finding of violation, revocation of probation, and the ensuing judgment and sentence.
OTT, Acting C.J., and RYDER, J., concur.