SHARP, Judge.
The State appeals from an order entered by the Juvenile Division of the Circuit Court of Marion County dismissing the petition filed against appellee, A.N.F., a child, because of lack of jurisdiction. Initially we were concerned whether or not the State has a right to appeal such an order, but we have concluded it does. State v. W.A.M., 412 So.2d 49 No. 81-249 (Fla. 5th DCA 1982). Reaching the merits of the case, we affirm.
The appellee was arrested on January 21, 1980, when he was seventeen years old. A petition charged him with burglary, driving without a valid driver’s license, fleeing and attempting to elude police officers, and leaving the scene of an auto accident involving property damage in violation of section 316.061, Florida Statutes (1979). Ap-pellee failed to appear at his arraignment. A custody order was issued, but it was never executed because the authorities were unable to locate him.
On May 10, 1981, after appellee had passed his nineteenth birthday, he was arrested on a different burglary charge and incarcerated. When the authorities discovered the prior outstanding custody order, they sought to prosecute the petition in the juvenile system. On May 28, 1981, the juvenile court granted appellee’s motion to dismiss for lack of jurisdiction.
Subsections 39.02(1) and (2) give the Juvenile Division of the Circuit Court “exclusive original jurisdiction” over proceedings in which a child or a person who was a child at the time an offense was committed, allegedly violated the law. Section 39.02(4) further provides:
Notwithstanding the provisions of s. 743.-07 when the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult. This subsection shall not be construed to prevent the exercise of jurisdiction by any other court having jurisdiction of the child if the child, after becoming an adult, commits a violation of law. (Emphasis supplied). .
Other provisions of Chapter 39 indicate the Legislature intended the powers of the Juvenile Division would terminate when a person attained the age of nineteen.[1]
We conclude that a person who allegedly commits a crime during his minority (before age eighteen), and is not prosecuted in the Juvenile Division before he becomes nineteen years of age, should not be handled as a juvenile under Chapter 39. The jurisdiction of the Juvenile Court is specially carved out of the general jurisdiction of the circuit court, and it is by special legislative grace and favor, that individuals are given special treatment and consideration under that system.[2] Persons over the age of nineteen, even though they committed an alleged crime while under the age of eigh *148 teen, because not included under Chapter 39, fall back under the general jurisdiction of the circuit court, and are subject to prosecution therein.
AFFIRMED.
ORFINGER and COWART, JJ., concur.

. See §§ 39.11(l)(a)2, 39.11(l)(c), 39.12(2), Fla. Stat. (1981).

. State v. G.D.M., 394 So.2d 1017 (Fla.1981); State v. Cain, 381 So.2d 1361 (Fla.1980).