COMMONWEALTH *vs.* RONALD E. HEALEY.

Essex. January 11, 1984. — March 1, 1984.

Present: BROWN, DREBEN, & WARNER, JJ.

*Statute,* Construction. *Words,* "Disguise."

Provisions of G. L. c. 268, § 34, which prescribe criminal penalties for "[w]hoever disguises himself with intent to obstruct the due execution of the law" did not encompass a defendant's conduct in giving a false name to a police officer. [538-541]

COMPLAINT received in the Peabody Division of the District Court Department on November 12, 1982.

On appeal to the jury session of the First Essex Division, the case was tried before *Russo,* J.

*Glen Yanco* for the defendant.

*Neila J. Straub,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The question on this appeal is whether by giving a false name to a police officer the defendant "disguise[d] himself" within the meaning of G. L. c. 268, § 34.[1] We hold that he did not and reverse his conviction for violating that statute.

The parties filed an agreed statement of the case pursuant to Mass.R.A.P. 8(d), as appearing in 378 Mass. 934 (1979).

---

[1] General Laws c. 268, § 34, provides: "Whoever disguises himself with intent to obstruct the due execution of the law, or to intimidate, hinder or interrupt an officer or other person in the lawful performance of his duty, or in the exercise of his rights under the constitution or laws of the commonwealth, whether such intent is effected or not, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year and may if imprisoned also be bound to good behavior for one year after the expiration of such imprisonment."

While under arrest on another charge, the defendant gave as his own the name of his older brother, Robert J. Healey, and, as his address, the place where both he and his brother resided. The defendant was later apprehended at that address. At his trial before a jury of six, on this charge and on companion charges,[2] the defendant twice moved for a required finding of not guilty on each charge. The motions were denied. He also requested jury instructions limiting the term disguise to a change of appearance. Instead the judge gave a broader definition,[3] to which the defendant objected.

We think the trial judge unduly extended the scope of this penal statute. Criminal statutes are strictly construed and must give "clear warning" of the particular conduct which is proscribed. *Commonwealth v. Brown*, 391 Mass. 157, 159, 162 (1984).

"Words or phrases in a statute are given their ordinary meaning. They are to be construed according to their natural import and . . . are to be given their ordinary lexical meaning unless there be a clear indication to the contrary." *Burke v. Chief of Police of Newton*, 374 Mass. 450, 452 (1978), and cases cited. *Hashimi v. Kalil*, 388 Mass. 607, 609 (1983).

Without belaboring the point, and recognizing that "disguise" has extended usages, we think the ordinary meaning of the verb "disguise" is reflected in the first definition given in two standard dictionaries.[4] In Webster's Third New Int'l

---

[2] The companion charges were breaking and entering in the nighttime with intent to commit a felony and wanton destruction of personal property having a value of less than one hundred dollars. The defendant was acquitted of the breaking and entering. He was found guilty of wanton destruction of personal property as well as of the charge of violating G. L. c. 268, § 34. The only appeal is from the latter conviction.

[3] As indicated in the agreed statement of the case, "The judge instructed the jury that disguise could be a change in habit, appearance or dress, but also instructed the jury that a different identity could be a disguise or that a person passing himself off as another person could be 'disguising' himself."

[4] We note that the Oxford English Dictionary (1978 reprint) is in accord, stating, at 451, that "[n]ow the leading sense" of the verb "disguise"

Dictionary 649 (1971) (Webster's), that definition is: "to change the customary dress or appearance of."[5] The American Heritage Dictionary 377 (1969), lists as its first meaning: "to modify the manner or appearance of in order to prevent recognition." The order of definitions in Webster's is historical, and "the earliest ascertainable meaning is given first." Webster's at 6a. By contrast, the American Heritage Dictionary gives as "[t]he first definition . . . the central meaning about which the other senses may be most logically organized." American Heritage at xlvii. Thus, the central and historical meanings of the verb "disguise" coincide.[6]

A person who gives a false name does not, we conclude, "disguise[ ] himself" within the ordinary lexical meaning of the term, and such conduct does not fall within the ambit of the statute. The only jurisdiction which has, to our knowledge, directly addressed the question, Florida, has reached the same result. In *Hartley* v. *State,* 372 So.2d 1180 (Fla. App. 1979), after discussing the ordinary meaning of "disguise" as used in lexicons and judicial opinions, the court stated: "These definitions all contain some

---

is "[t]o change the guise, or dress and personal appearance, of (any one) so as to conceal identity; to conceal the identity of by dressing *as* some one or *in* a particular garb" (emphasis original). Accord Black's Law Dictionary 420 (5th ed. 1979), "To change the guise or appearance of, especially to conceal by unusual dress; to hide by a counterfeit appearance. To obscure the existence or true state or character of a person or thing." See also Webster's Seventh New Collegiate Dictionary 239 (1972), which lists as synonyms for disguise: "CLOAK, MASK, DISSEMBLE: DISGUISE typically implies a deceptive change of dress and physical appearance but may extend to a change in manner of speech or behavior that serves to conceal a motive or attitude."

[5] The remaining portion of the first definition given in Webster's is: "furnish with a false appearance or an assumed identity (the noblemen *disguised* as hall porters look through you or past you — C.E. Montague)."

[6] Because of this convergence the same definition of "disguise" was presumably known to the Legislature when the original statute defining the crime, now codified as G. L. c. 268, § 34, was enacted. See *Glennon* v. *School Comm. of Boston,* 375 Mass. 757, 763 (1978).

reference to physical concealment in dress or appearance, and do not encompass appellant's conduct of giving police a false name and birth date." *Id.* at 1182. Accord *D.G.* v. *State,* 375 So.2d 868 (Fla. App. 1979); *Leland* v. *State,* 386 So.2d 622 (Fla. App. 1980).[7] Other cases requiring a construction of the word "disguise," albeit in differing contexts, lay stress on the concept of concealment of identity by physical means such as masks or clothing. See, e.g., *Hardyman* v. *Collins.* 80 F.Supp. 501, 509 (S.D.Cal. 1948), rev'd, 183 F.2d 308 (9th Cir. 1950), rev'd, 341 U.S. 651 (1951) (wearing American Legion caps does not constitute a "disguise"); *Dale County* v. *Gunter,* 46 Ala. 118, 142-143 (1871) (person in ambush or concealed in the bushes is not a person "in disguise"); *Darneal* v. *State,* 14 Okla. Crim. 540, 545, 548 (1917) (man dressed as woman with his face partially concealed by clothes and rags is "disguised").[8]

Our conclusion is buttressed by the fact that, in contrast to the language in G. L. c. 268, § 34, the Legislature has in another statute specifically made it a crime to "give a false name" to a police officer in connection with operating a motor vehicle, G. L. c. 90, § 25. We also note that St. 1809, c. 122, § 2,[9] the original forerunner of G. L. c. 268, § 34, suggests that the Legislature intended the use adopted by us. It provided that "if any person . . . shall disguise himself . . . in the likeness of Indians, or in any

---

[7] The Florida statute is very similar to G. L. c. 268, § 34. Florida Stat. § 843.03 (1979) provides: "Whoever in any manner disguises himself with intent to obstruct the due execution of the law, or with the intent to intimidate, hinder or interrupt any officer, beverage enforcement agent, or other person in the legal performance of his duty or the exercise of his rights under the constitution or laws of this state, whether such intent is effected or not, shall be guilty of a misdemeanor of the first degree, punishable as provided in . . . ."

[8] The Commonwealth cites no case, and we have found none, which has used the word "disguise" to include the furnishing of a false name. The authorities cited in support of the Commonwealth's position involve statutes not containing the term "disguise" and specifically make criminal the giving of false information.

[9] Listed in some sources as c. 123.

other manner with intention to obstruct the execution of the laws . . . ."[10]

Because of our construction of the statutory term, we hold that the defendant was entitled to a required finding of not guilty as there was no evidence that he "disguise[d] himself" within the meaning of G. L. c. 268, § 34.

*Judgment on no. 2765C reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

---

[10] Earlier English statutes using the word "disguise" also suggest that the word imports some physical concealment. See, e.g., "An Act for the more effectual punishing wicked and evil disposed persons going armed in disguise," 1722, 9 Geo. 1, c. 22, making criminal certain activities of persons armed and having "their [f]aces blacked, or being otherwise disguised"; "An Act against unlawful hunting in forests and parks," 1485-1486, 1 Hen. 7, c. 7, making it a felony to hunt "with painted [f]aces, [v]isors, or otherwise disguised."