522 So.2d 431 (1988)
Tom BARKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BR-338.
District Court of Appeal of Florida, First District.
March 10, 1988.
Michael E. Allen, Public Defender, Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Henri C. Cawthon, Bradford L. Thomas, Asst. Attys. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
The appellant, Tom Barkley, appeals a judgment and sentence imposed for battery of a law enforcement officer, escape, and two counts of resisting without violence. We affirm the judgment, but reverse and remand for resentencing.
The record on appeal indicates that Officer Michael Lynch of the Gainesville Police *432 Department was on patrol at 9:00 p.m. on May 1, 1986 when he observed appellant and another individual riding bicycles without headlights. Since this constituted a violation of the bicycle regulations, Officer Lynch attempted to stop the two individuals by turning on the blue lights in his patrol car. The appellant fled the scene, but returned a few minutes later on foot, while Officer Lynch was talking to the other individual. Appellant gave his name as Timothy Walker, stated that he had no ID, and gave Officer Lynch several different social security numbers. Because the false information impaired Lynch's investigation, Lynch advised appellant that he was under arrest and told him to place his hands on the patrol car. Appellant then grabbed the bicycle belonging to the other individual, shoved it at Officer Lynch, and fled the scene. Officer Lynch sustained an injury to his ankle and was taken to the emergency room. He testified at trial that he had arrested appellant for "opposing a police officer," or for giving false information and that had the appellant not fled, Lynch would have taken him to jail following the arrest. Several days later, Lynch discovered appellant's true identity, contacted his home, and directed him to report to the police station where he was again arrested. At the time of the incident and of the second arrest, appellant was 17 years of age.
A direct information was filed on June 24, 1986 charging appellant with battery of a law enforcement officer, resisting an officer without violence (section 843.02, Florida Statutes), resisting an officer with violence (section 843.01, Florida Statutes), and escape. Trial was held on November 21, 1986, at which time the appellant was 18 years of age. The jury found appellant not guilty of battery of a law enforcement officer, guilty of resisting without violence as charged, resisting without violence as a lesser included offense of resisting with violence, and escape. Appellant made a motion for judgment of acquittal at the close of the State's case and after trial, both of which were denied. Sentencing hearing was held on December 23, 1986, at which time the court orally pronounced imposition of a one-year term of probation on each resisting count, to be served concurrently with each other and with the three year term of probation on the escape count. The sentencing guideline scoresheet recommended any non-state prison sanction.
Barkley raises three issues on appeal. First, he argues that his initial arrest by Officer Lynch was unlawful, on the basis that the giving of a false name and social security number does not constitute a violation of section 843.03 and, therefore, that his convictions for resisting arrest and escape were likewise unlawful. In support of this argument, appellant cites Hartley v. State, 372 So.2d 1180 (Fla. 2d DCA 1979), and Leland v. State, 386 So.2d 622 (Fla. 3d DCA 1980).
Although the Hartley and Leland cases hold that the giving of a false name and birthdate do not constitute an obstruction of justice by "disguise" under section 843.03, Florida Statutes (1977), the initial arrest in the instant case was based on opposing an officer by the giving of false information pursuant to section 843.02, Florida Statutes. Section 843.02 reads, in pertinent part:
Whoever shall obstruct or oppose any such officer . .. or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor in the first degree... .
Unlike an arrest under section 843.03, an arrest under section 843.02 may be based on the giving of false information. See, e.g., C.T. v. State, 481 So.2d 9 (Fla. 1st DCA 1985). Since the underlying arrest was therefore valid, appellant's argument with regard to the resisting with violence and escape charges is without merit.
Second, appellant argues that the trial court erred in failing to consider the six specific statutory criteria of section 39.111(6)(c), Florida Statutes, pertaining to the suitability of adult sanctions for juveniles, and in failing to enter a written order containing the court's findings of fact and *433 reasons for imposing an adult sentence as required by section 39.111(6)(d) and State v. Rhoden, 448 So.2d 1013 (Fla. 1984). We agree with the appellant on this point, and reverse and remand for resentencing.
Appellee argues on appeal that the mandatory requirements of section 39.111(6) do not apply in the instant case since the appellant was 18 years of age at the time of the trial and, therefore, was not a "child ... found to have committed a violation of Florida law." Section 39.111(6). Appellee's position, in essence, is that the trial court need not make a determination regarding the suitability or nonsuitability of adult sanctions unless the defendant is a child (under the age of 18) both at the time of the offense and at the time of the trial. We disagree with appellee's contention.
According to the language of section 39.111(6), the procedure set out in that section must be followed "when a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law... ." The plain language of subsection (6) indicates that the Legislature was concerned that the defendant be under the age of 18 at the time he or she was transferred for criminal prosecution and at the time that he or she committed a violation of Florida law  not at the time he or she was tried for the offense. If appellee's position were followed, imposition of adult sanctions would be mandatory in all cases where a juvenile whose case was transferred for adult prosecution turned 18 prior to the date of trial. In a practical sense, any juvenile who committed an offense a short period of time prior to his or her 18th birthday would incur adult sanctions, since trial would most likely not be held before the child's 18th birthday. We therefore find that the trial court erred in failing to comply with the mandates of section 39.111(6).
We also agree with appellant's third argument on appeal, that the trial court's written judgment does not conform to the sentence orally pronounced at the sentencing hearing. Since we reverse and remand for resentencing as stated above, however, it is unnecessary to remand for correction of the written sentence.
Accordingly, we affirm the judgment, and reverse and remand for resentencing. The trial court is directed to consider each of the criteria enumerated in section 39.111(6)(c), conduct a hearing pursuant to section 39.111(6)(a), and, if it decides to impose adult sanctions, render a written order specifying its findings of fact and reasons for the decision to impose adult sanctions, pursuant to 39.111(6)(d).
JOANOS and THOMPSON, JJ., concur.