HALL, Judge.
The appellant alleges error in the judgment and sentence which impose adult sanctions upon him on the ground that the trial court failed to set forth written findings pursuant to section 39.111(7)(d), Florida Statutes (1987).
We find that the trial court not only failed to file written findings, it also failed to order a predisposition report pursuant to section 39.111(7), Florida Statutes (1987), prior to accepting the appellant’s plea and imposing adult sanctions. See § 39.111(7)(a)-(d), Fla.Stat. (1987). The appellant was seventeen years of age at the time of the offense, therefore, compliance with section 39.111(7) is mandatory. Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988); Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984).
Accordingly, we reverse and remand for resentencing. Upon remand, if the trial court decides after reviewing the predisposition report that adult sanctions are appropriate, it may accept the appellant’s plea and proceed to sentence the appellant in accordance with the plea agreement; or, if the trial court decides the plea agreement is not acceptable, the appellant may withdraw his plea and proceed to trial.
Reversed and remanded with directions.
DANAHY, A.C.J., and PATTERSON, J., concur.