643 So.2d 93 (1994)
Gene ARRISON, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-622.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
We reverse the defendant's conviction for obstruction of justice by a disguised person, in violation of Florida Statutes Section 843.03 (1993).
The defendant was pursued after being observed exiting a stolen car by police officers. As the defendant fled on foot, the officers observed him wearing blue jeans and a black, white, and blue striped shirt. When the defendant was arrested in his apartment approximately 30 minutes later, the defendant had changed his shirt, although the evidence did not reflect the color or style of this second shirt. The evidence also did not indicate that the defendant had changed his appearance in any other way. Based upon this evidence alone, the defendant was convicted of obstruction of justice by a disguised person.
The mere act of changing one's shirt, absent other facts or circumstances, does not amount to wearing a disguise, and does not constitute a violation of Section 843.03, because it does not change one's overall general appearance and does not hide one's true identity. See Hartley v. State, 372 So.2d 1180, 1181-82 (Fla. 2d DCA 1979); see also Leland v. State, 386 So.2d 622, 622 (Fla. 3d DCA 1980) (§ 843.03 is not violated by giving a police officer a false name); Commonwealth v. Healey, 17 Mass. App. 537, 460 N.E.2d 616 (1984) (discussing the term "disguise" in the context of a similar statute, and collecting cases). Therefore, we reverse the defendant's conviction for the alleged violation of Section 843.03, and remand for the entry of a judgment of acquittal on this charge. The defendant has not challenged *94 his remaining convictions, and we do not disturb them.
Reversed and remanded.