654 So.2d 936 (1995)
Christopher GRIFFITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0297.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
*937 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
FARMER, Judge.
Appellant's motion for rehearing calls our attention to an important error in our original opinion. Because it would not change the result, yet affects proceedings on remand, we have decided to publish a substitute opinion and do so now. We also correct other errors which affect neither our reasoning nor the result. Except for the specific corrections, we deny rehearing.[1]
*938 Defendant's conviction of sexual battery and related crimes committed while he was under the age of 15 requires us to consider whether, for a person who has reached the age of 22 and is charged with a violation of law occurring before he reached the age of 16, the charges must be brought initially in the juvenile division of the circuit court under the provisions of part II, chapter 39. We must also decide whether that defendant is entitled to be sentenced under juvenile criteria and other sentencing issues. We hold that when an adult is charged with committing a violation of law occurring while he was under the age of 16, the charges must initially be brought in accordance with part II of chapter 39 but that, whether or not the defendant is ultimately tried as an adult for such offenses, his juvenile status must be considered in imposing sentence.
The facts in this case are simple. Defendant was born 25 August 1967. On 15 December 1989, he was charged by Information with 14 felonies: 10 counts of sexual battery and 4 counts of lewd assault. The Information alleged that all of the violations occurred "on one or more occasions between" 2 August 1983 and 1 August 1985. The jury convicted him of 3 counts of sexual battery and 2 counts of lewd assault.[2]
The verdict adds for each conviction "as charged in the Information" but it does not specify the dates of the occurrences for the convictions. Informed by the rule of lenity,[3] we are required by the particular language employed in the Verdict and the Information to assume that all of the convictions represented violations that occurred while the defendant was under the age of 16. The trial court sentenced him to two 20-year terms of imprisonment and one 10-year term of imprisonment, all to run concurrently, and two 10-year terms of probation to run concurrent to each other but consecutive to his imprisonment.[4]
Although Griffith has raised eight issues on appeal, we conclude that only two present grounds for a reversal.[5] First, he asserts the criminal division of the circuit court lacked jurisdiction over him because he was under the age of eighteen when he committed the offenses. Second, he asserts the court erred by sentencing him as an adult even though he was a juvenile when he committed the crimes. We find error in both of these issues and reverse.

I. JUVENILE COURT JURISDICTION
The question of jurisdiction requires that we examine the Florida Juvenile Justice Act. Because all the violations occurred during August 1983 to August 1985, we conclude that chapter 39, Florida Statutes (1983), supplies the governing statutory provisions. We begin with the definition of "child" in section 39.01(7):
"(7) `Child' means any unmarried person under the age of 18 alleged to be dependent or any married or unmarried *939 person who is charged with a violation of law occurring prior to the time that person reached the age of 18 years." [e.s.]
We then turn to the jurisdictional statute, section 39.02, which provides:
"39.02 Jurisdiction. 
"(1) The circuit court shall have exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.
"(2) During the prosecution of any violation of law against any person who has been presumed to be an adult, if it is shown that the person was a child at the time the offense was committed, the court shall forthwith transfer the case * * * to the appropriate court for proceeding under this chapter. * * *

* * * * * *
"(4) Notwithstanding the provisions of s. 743.07,[6] when the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult. This subsection shall not be construed to prevent the exercise of jurisdiction by any other court having jurisdiction of the child if the child, after becoming an adult, commits a violation of law.
"(5)(a) If the court finds, after a waiver hearing, that a child who was 14 years of age or older at the time the alleged violation was committed and who is alleged to have committed a violation of Florida law should be charged and tried as an adult, then the court may enter an order transferring the case and certifying the case for trial as if the child were an adult. The child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult but subject to the provisions of s. 39.111(6)." [e.s.]
These two statutory provisions read together constitute a grant of exclusive jurisdiction to the "juvenile division" of the circuit court over proceedings in which "any married or unmarried person is charged with a violation of law occurring prior to the time that person reached the age of 18 years." [e.s.] These last words focus the jurisdictional provision on the age of the defendant when the offense was actually committed, rather than the age when the charges are brought. In other words, jurisdiction is acquired on the basis of the age of the defendant at the time of the offense, and not the age when brought into court.
That this is true is made even more apparent by section 39.02(2). That statute holds that when charges are commenced against a person "presumed to be an adult" for a violation of law, and during that prosecution "if it is shown that the person was a child at the time the offense was committed," the adult court is required to transfer the entire case to the "appropriate court for proceeding under this chapter [39]."[7] If the person's age when charged, rather than when the crime was committed, were the governing fact, of what relevance would it be that the person *940 was a child at the time the offense was committed? The words "presumed to be an adult" thus obviously refer to the age of the defendant when the violations were alleged to have been committed.[8]
Hence, summing up what we know about acquiring juvenile court "jurisdiction," the governing jurisdictional fact is the age when the offenses were committed, not when charged. To affirm in our case, we would have to rewrite the words of section 39.02(2) to apply only in the circumstance when the prosecution and court erroneously presume the defendant to have been an adult when the offenses were committed, but the defendant actually was a child. Our role as appellate judges does not allow us to do that.
The state makes two principal arguments against this reading of these statutory provisions. First, the state argues that section 39.02(5)(a)[9] would have allowed the juvenile court to transfer and certify the case for trial as an adult. The problem with this argument is that section 39.02(5)(a) operates on a case that has been properly commenced in the juvenile court and not one that has been directly filed, as here, in adult court. Moreover, with a child under 16 years of age when the offense was committed, waiver into adult court is entirely discretionary with the juvenile judge and is by no means automatic. Here that discretion was never given a chance to be exercised. While the age of a 22-year old defendant may suggest that juvenile jurisdiction will be waived, it is still a matter of discretion to be exercised in the first instance by the juvenile court judge and not by the state in choosing where to file.[10]
The state also argues that section 39.02(4) demonstrates that juvenile court jurisdiction had already terminated by the time these charges were filed, for defendant was then 22 years of age. That statute states:
"Notwithstanding the provisions of s. 743.07, when the jurisdiction of any child who is alleged to have committed a delinquent act is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age."
§ 39.02(4), Fla. Stat. (1983). The state has misread the statute. The introductory adverbial clause, beginning with the words "when the jurisdiction of any child * * *," [e.s.] requires as a predicate that the court shall have previously "obtained" jurisdiction over a child. The court's jurisdiction over any child is obtained with the filing of a formal document invoking the court's powers. That obviously means that for this provision the charges must have been brought at a time when the defendant was still a child. Hence this provision deals solely with the case that is begun while the child is still a child. Griffith was 22 years old when he was charged, and thus section 39.02(4) is irrelevant as to him.
There are two Florida cases that appear to make a different construction of these statutes. In State v. A.N.F., 413 So.2d 146 (Fla. 5th DCA 1982), the defendant was arrested while 17-years old for crimes committed at that age. He failed to appear at his arraignment, however, and the police could not locate him to serve a custody order. After he had reached 19, he was arrested on new charges, and the police discovered the outstanding charges from his youth. Hence the prosecution on the juvenile charges was not begun until after he reached his majority. Paradoxically, it was the defendant who argued that the juvenile court lacked jurisdiction over the charges. The district court affirmed the trial court's grant of the defendant's *941 motion to dismiss for lack of jurisdiction. To the same effect is D.M. v. State, 580 So.2d 634 (Fla. 1st DCA 1991) (nunc pro tunc order making disposition of juvenile delinquency case 5 days after defendant reached age of 19 reversed; juvenile court lost jurisdiction to effect disposition when defendant passed 19th birthday).
Frankly we deem A.N.F. to be more of a defendant's waiver of a statutory benefit created for his protection in a criminal case, than a determination of jurisdiction. A.N.F. did not insist that the charges of violations committed while he was a juvenile be commenced in the juvenile court, as has the defendant in this case. If an adult defendant voluntarily seeks an ordinary adult trial and penalty for crimes committed during the two years before he reached his majority, he is certainly entitled to do so. See § 39.02(5)(b), Fla. Stat. (1983). D.M. involved the entry of a dispositional order five days after the defendant's 19th birthday. The defendant there contended that juvenile jurisdiction had ended, and the district court agreed with that contention. We thus deem A.N.F. and D.M. inapposite.
We contrast our statutory construction with that of the Wisconsin Supreme Court in State v. Annala, 168 Wis.2d 453, 484 N.W.2d 138 (1992).[11] There the court reasoned:
"[T]he age of the defendant at the time the defendant is charged determines the jurisdiction of the juvenile court, regardless of the defendant's age at the time of the alleged offense. The exclusive jurisdiction of the juvenile court under the Children's Code applies only to matters that are filed in the juvenile court prior to the alleged offender's eighteenth birthday. The circuit court has jurisdiction over matters not exclusively within the jurisdiction province of the juvenile court. This construction provides an incentive for cases involving minors to be handled in the juvenile justice system, where the juvenile court can order the appropriate treatment and rehabilitation of the juvenile offender. Any other construction of the statutes would provide a significant incentive for the juvenile offender to use every avenue to avoid prosecution until he or she reaches eighteen years of age." [e.s.]
484 N.W.2d at 145-146. Apart from the fact that the Florida juvenile jurisdictional statute ineluctably ties the court's power to the age of the child when the offense was committed, there is absolutely no suggestion in this case that the defendant did anything to delay or avoid arrest or prosecution.
We thus hold that when the state seeks to charge a 22-year old defendant with crimes committed while he was under the age of 16, such charges must be commenced in proceedings under chapter 39, part II, and the circuit judge in that proceeding should make the decision whether the defendant may be waived over to adult court.

II. PENALTIES
Notwithstanding the dispositional nature of our decision on the jurisdictional issue, to facilitate further review in this case, we now turn to the issue whether the trial court erred when it sentenced Griffith as an adult. Griffith has raised two sub-points within his discussion of this issue. First, he asserts it was improper for the trial court to sentence him as an adult without first complying with section 39.111, Fla. Stat. (1983).[12] Second, Griffith maintains the trial court improperly calculated his sentencing guidelines scoresheet.

Section 39.111 and Adult Sanctions
The trial court sentenced Griffith as an adult without taking account of section 39.111(6). Section 39.111(6) contains a detailed set of criteria to be considered by a sentencing court before deciding upon sanctions to be imposed upon a "child," even when the child is an adult when sentenced.[13] *942 Griffith was under the age of 16 years when he committed the crimes for which he was convicted. Hence, he was a "child" as provided in chapter 39.
Although the State does not deny that Griffith was a child when he committed these acts, it does argues that section 39.111 has no application to this case. The State asserts that because the juvenile division no longer had jurisdiction over Griffith, it was appropriate for the trial court to sentence Griffith as an adult.
There is no claim that Griffith either voluntarily waived juvenile jurisdiction or that the juvenile court did so after a waiver hearing. Rather, the State argues Griffith falls under section 39.02(5)(c), and was properly sentenced as an adult, because he was convicted of three charges that are punishable by life imprisonment. What the State has failed to consider, however, is that Griffith was charged by Information. A grand jury was never called to consider Griffith's case, and no Indictment was ever returned against him. Under the clear language of section 39.02(5)(c), a grand jury Indictment is indispensable to this automatic termination of juvenile jurisdiction.
Section 39.111(6), quoted above, sets out a detailed procedure the court must follow when sentencing an adult defendant accused of committing a crime as a child. In Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979), the defendant was an adult when sentenced for a juvenile crime. The court held:
"Section 39.111 deals with children prosecuted as adults. Within the meaning of Chapter 39, a `child' is defined in Section 39.01(4), Florida Statutes (1977), as `any married or unmarried person under the age of 18 years or any person who is charged with a violation of law occurring prior to the time that person reached the age of 18 years.'" [e.o.]
371 So.2d at 557; see also T.D.L. v. Chinault, 570 So.2d 1335, 1337 (Fla. 2d DCA 1990) (stating, "[e]ven when the child reaches adulthood between the time of the offense and the date of disposition, such that he is not even a `juvenile' when before the court, the statute [§ 39.111(7)] should be followed.").
Similarly, in Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988), the defendant was charged while he was a juvenile, but was not tried and sentenced until he was an adult. The State argued section 39.111 should not apply because the defendant was an adult at the time of trial. The appellate court concluded the Florida Legislature did not intend for juveniles to be given adult sanctions merely because they were adults at trial. Id.
Again, in Veach v. State, 614 So.2d 680 (Fla. 1st DCA 1993), approved, 630 So.2d 1096 (Fla. 1994), the defendant was an adult when he was charged with "committing a lewd and lascivious act in the presence of, and on, a child, and sexual battery on a child less than 12 years of age, committed when he was 17." The court imposed an adult sentence without complying with the factors set forth in section 39.059(7)(c). In the defendant's *943 appeal, the State argued the defendant waived his right to be considered a youthful offender because he did not raise the issue below. The appellate court agreed a defendant could waive his rights to be treated as a juvenile offender, but
"[the waiver] must be knowing, intelligent and manifest on the record. Without such a waiver, it is reversible error for a trial court to impose adult sanctions upon a juvenile without making the required findings * * *." [c.o.]
614 So.2d at 681. The court reversed Veach's sentence and remanded for resentencing that complied with the statute. Id.
Recently, in Troutman v. State, 630 So.2d 528 (Fla. 1993), the Florida Supreme Court addressed the issue of penalties for adult defendants who were juveniles when the crime was committed. The court concluded that each of the criteria in the current version of the applicable statute, section 39.059(7), Florida Statutes (1993), must be considered by the trial court when making the decision to sentence a child as an adult. The court emphasized that the criteria must be followed regardless of the reason the child is in adult court. Similarly, in Sirmons v. State, 620 So.2d 1249 (Fla. 1993), the court held that, before accepting a plea bargain, the trial court must consider the requirements of section 39.111(7) to determine whether adult sanctions are suitable for a child offender, to insure the child knowingly, voluntarily and intelligently waived his rights to be treated as a child.
The gist of these holdings is that a trial court has no discretion to avoid considering the requirements of section 39.111 when it sentences an adult defendant who has been found guilty of committing a crime while a child, unless the defendant falls under a statutory exception, or knowingly and voluntarily waives the right to be treated as a juvenile offender. Neither of these exceptions is applicable here.
The state's assertion that Griffith should be given an adult sentence without consideration of his age at the time of the offense not only conflicts with this law, but would also result in Griffith being given the same penalty whether he was 14 or 40 when he committed the crimes. This result would be inconsistent with both the language and the underlying policy of chapter 39.

Errors in the Sentencing Scoresheet
Griffith asserts the trial court erred when it prepared his sentencing guidelines scoresheet. Specifically, Griffith challenges the court's addition of 120 points for three victim injuries, stemming from the three convictions for sexual battery that include penetration as an element of the offense. Recently, in the case of Karchesky v. State, 591 So.2d 930 (Fla. 1992), the Florida Supreme Court held that, in calculating points on a defendant's sentencing guidelines scoresheet, victim injury points could not be assessed for penetration unless the victim has suffered an ascertainable physical injury. 591 So.2d at 932; see also Stewart v. State, 617 So.2d 331 (Fla. 4th DCA 1993).
The State argues Karchesky is no longer good law because the Florida Legislature has since enacted section 921.001(8), Florida Statutes (Supp. 1992), which states that points should be scored on a defendant's scoresheet for penetration or slight injury regardless of whether there is physical injury to the victim. The State's argument miscarries for two reasons. First, section 921.001(8) did not become effective until April 1992. This is years after Griffith was charged and convicted for these crimes. Second, this Court specifically held in Boland v. State, 613 So.2d 72 (Fla. 4th DCA), rev. denied, 624 So.2d 268 (Fla. 1993), that section 921.001(8) was not to be applied retroactively, and Karchesky is still applicable to defendants that were charged with crimes committed before April 1992. Because Griffith was charged with crimes committed before December 1989, additional points could not be scored for penetration without injury.

CONCLUSION
In summary, we reverse on the jurisdictional issue, thereby rendering the sentencing issues moot. Our reversal is, of course, without prejudice to the state to proceed against the defendant, if it be so advised. If the state chooses to proceed and the circuit judge exercising jurisdiction under chapter 39 should decide not to waive juvenile *944 jurisdiction, the court shall hold an adjudicatory hearing at which the court shall retry the issue of guilt. If the court determines to waive juvenile jurisdiction, the court shall "transfer" the case to the felony division of the circuit court for such proceedings as are consistent with our opinion.[14] At any future resentencing, the court must consider the criteria set forth in section 39.111(6), Florida Statutes (1983), in assessing Griffith's culpability at the time he committed the crimes, as well as other relevant circumstances. The court will also necessarily recalculate Griffith's guidelines scoresheet.
In light of the unusual circumstances and our decision in this case, and even though the legislature extensively revised chapter 39 in the 1994 legislative session, we certify the following questions to the Florida Supreme Court as being of great public importance:
I. IN THE PROSECUTION OF VIOLATIONS COMMITTED WHILE THE OFFENDER WAS UNDER THE AGE OF 16, DOES § 39.02, FLA. STAT. (1983), REQUIRE THAT SUCH CHARGES BE COMMENCED AGAINST A 22-YEAR OLD DEFENDANT IN ACCORDANCE WITH THE JUVENILE STATUTES?
II. DO THE PROVISIONS OF § 39.111(6), FLA. STAT. (1983), APPLY TO AN ADULT DEFENDANT WHO IS CHARGED AND CONVICTED OF A CRIME COMMITTED WHILE HE WAS UNDER THE AGE OF 16, REGARDLESS OF THE DEFENDANT'S AGE AT THE TIME OF SENTENCING?
REVERSED AND REMANDED FOR CONSISTENT PROCEEDINGS.
STEVENSON, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] The author of the original opinion is responsible for all errors.
[2] During the trial, Griffith admitted that he committed all of the acts for which the jury found him guilty.
[3] See § 775.021, Fla. Stat. (1993).
[4] Griffith's appeal was dismissed by this court because his initial brief had not been filed despite numerous extensions of time. We subsequently granted his pro se petition for a writ of habeas corpus requesting this court reinstate his appeal, as the failure to submit an initial brief timely was admittedly wholly the mistake of his former counsel. We stress that present appellate counsel had nothing to do with the dismissal.
[5] The issues raised as to which we find no error are: (a) whether the court erred in denying a motion for judgment of acquittal because the State did not establish his age or the age of the two victims during the trial; (b) whether the court erred by admitting the expert testimony of Dr. Seth under the medical diagnosis or treatment exception to the hearsay rule; (c) whether the court erred by admitting prior consistent statements of an alleged victim; (d) whether the court improperly allowed the State to present collateral crimes evidence; (e) whether the court erred by permitting the State to cross-examine his mother as to the nature of a prior conviction; and (f) whether the court erred by adding an additional statement when instructing the jury. As regards (a), we affirm because there is substantial evidence in the record that the jury could have relied upon to determine both the age of Griffith and the two victims at the time the crimes took place. We also affirm the trial court's decisions on issues (b) through (f); any evidentiary errors the court may have made were harmless, especially because Griffith was found guilty of only those crimes he testified he had committed.
[6] Section 743.07, then and now, provides that the disability of nonage is removed for persons 18 years of age or older, and that such persons shall have all of the rights, privileges and obligations of persons 21 years of age or older.
[7] The statutory term, "appropriate court", is something of a misnomer. In fact the "juvenile court" is really not a separate court at all, but simply a judge of the circuit court presiding over a case under chapter 39 involving a child. As the circuit court also has exclusive jurisdiction of all felony prosecutions, the circuit court is the appropriate court for both all prosecutions covered by chapter 39 and all felonies. When the Information or Indictment in a prosecution of an adult charges violations committed while the defendant was under the age of 16, the circuit court is plainly the only possible "appropriate" court. The real question in such a prosecution is whether it is governed by chapter 39.

Under the 1983 statutory scheme, a child may lose the entitlement to be treated as a child and may be prosecuted as an adult. A child 14 or older may be certified and transferred by the juvenile judge for prosecution as an adult, and a child of any age may be indicted and tried as an adult. Neither of these statutory exceptions apply here. The principal difference between prosecution as a child and prosecution as an adult is that the the primary purpose of the juvenile scheme is rehabilitation, while the primary purpose of the adult is punishment with rehabilitation subordinated to being merely an aspiration.
[8] If section 39.02(2) had said only "where the defendant's actual age is known," the statute might not apply where the real age was unknown but the officials believed that he was an adult, resulting in a void for a defendant whose age is unknown. Similarly, an affirmance in our case would also require a construction leaving a hole for the factual situation we now face: i.e. the age of the defendant at the time of charges is known and makes him an adult. In a statute that is designed broadly to protect the interests of all juveniles, we are not impelled to a construction that leaves groups of children unprotected.
[9] § 39.02(5)(a), Fla. Stat. (1983).
[10] The 1983 statutory scheme is different from later versions which allow some direct filing in adult court against juvenile defendants. Because these statutes were adopted after the commission of the crimes in this case, they are inapplicable.
[11] The Wisconsin jurisdictional statute regarding juvenile offenders states that the juvenile division has "exclusive jurisdiction * * * over any child 12 years of age or older who is alleged to be delinquent * * *."
[12] Section 39.111 was renumbered by Florida Statutes 1991 and is now section 39.059. The text of section 39.059 is identical to section 39.111.
[13] Section 39.111(6) provides in relevant part:

(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child. * * *
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child * * *.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and their reasons for the decision to impose adult sanctions * * *.
[14] As appellant duly reminds us, when a conviction is reversed it is a nullity, and the effect of the reversal is to restore the defendant to the point in the proceedings where the error was made. Ex Parte Livingston, 116 Fla. 640, 156 So. 612 (1934); and Kaminski v. State, 72 So.2d 400 (Fla. 1954), cert. denied, 348 U.S. 832, 75 S.Ct. 55, 99 L.Ed. 656 (1954). Hence the convictions being reversed  namely the charges in counts I, II, IV, VI and VII of the Information  are void, and the state must begin anew as regards them. Because appellant did not raise any issue on appeal as to counts III, V, VIII, and XIV, and the general felony division of the circuit court clearly had jurisdiction as to those counts anyway, those acquittals remain unaffected by anything we have done.