PER CURIAM.
In this appeal following a juvenile delinquency proceeding, appellant challenges an order of disposition which enters an adjudication of delinquency, places appellant on community control and directs that he pay restitution. He argues that the order is a nullity because it was not entered until after his nineteenth birthday. We agree and, accordingly, reverse.
*457 The relevant facts are not in dispute. Appellant’s date of birth is July 12, 1976. On June 30,1994, a juvenile delinquency petition was filed, alleging that, between January 6 and 9, 1994, appellant had committed a burglary of a structure and two burglaries of vehicles. When appellant failed to appear for arraignment on July 14, 1994, an order was entered directing that appellant be taken into custody and brought before the court. Appellant was taken into custody on the charges on June 2, 1995, and arraigned on June 13, 1995. On June 23, 1995, appellant entered pleas of guilty to two of the three charges. The state dismissed the third charge, subject to the understanding that appellant would be responsible for restitution as to all three charges. The trial court accepted the pleas, and passed the case until July 26,1995, for disposition.
At the disposition hearing, appellant’s attorney suggested to the trial court that, because appellant had had his nineteenth birthday since the entry of his pleas, the trial court lacked jurisdiction to do anything more than to enter a civil judgment against appellant for the amount of restitution it had been agreed he owed ($1,533.00). The trial court disagreed, and entered an order of disposition concluding that appellant had committed a delinquent act, adjudicating him a delinquent child, placing him on community control and directing that he pay restitution in the amount of $200.00 per month until the full amount owed had been paid. This appeal follows.
Section 39.022(4)(a), Florida Statutes (1995), provides that, subject to certain specified exceptions which have no application here, “when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.” We have previously held that substantively indistinguishable language in an earlier version of the statute meant what it appeared to say, and precluded a court which had obtained jurisdiction over an individual prior to his nineteenth birthday based upon the alleged commission of delinquent acts from entering an order adjudicating him a delinquent child after his nineteenth birthday. D.M. v. State, 580 So.2d 634 (Fla. 1st DCA 1991). Although that decision would appear to control the outcome here, the state argues that we should recede from D.M. because the decision cannot “be reconciled with the clear legislative intent that the focus of the jurisdiction of Chapter 39 be on the age of the defendant when the offense was actually committed, rather than the age when the charges are brought”; and because the decision conflicts with the recent decision of the Fourth District Court of Appeal in Griffith v. State, 654 So.2d 936 (Fla. 4th DCA 1995). However, we find the language of the statute relatively clear in its expression of intent that, in situations such as this, the court loses jurisdiction upon the individual’s nineteenth birthday. As for the Griffith opinion, the panel found the facts to be distinguishable from those in D.M. and, therefore, concluded that D.M. was “inapposite.” 654 So.2d at 941. We agree that Griffith and D.M. involve different issues and that, therefore, there is no conflict.
The trial court lacked jurisdiction to enter the order appealed. Accordingly, we reverse, and remand with directions that the trial court set aside the challenged order.
REVERSED and REMANDED, with directions.
MINER and WEBSTER, JJ., concur.
LAWRENCE, J., concurs with written opinion.