PER CURIAM.
In Crystal v. State, 672 So.2d 632 (Fla. 1st DCA 1996), we vacated the appellant’s seven and one-half year sentence and remanded for resentencing. Upon remand, the trial court imposed a sentence of ten years. We vacate the ten year sentence because it violates the appellant’s right to due process under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
The only reason advanced by the trial court for the increased sentence was that the original sentence was “actually an insufficient sentence and not commensurate with the crime that was committed.” But the facts of the crime were known to the trial court at the time of the original sentence, and the *389 trial court failed to identify any circumstance occurring since the original sentencing to justify the increased sentence. Because the court’s asserted reason for the increased sentence therefore does not satisfy the requirements of Pearce, we vacate the sentence and remand this case to the trial court for resen-tencing.
ALLEN and MICKLE, JJ., concur.
MINER, J., concurs with written opinion.