TAYLOR, Judge.
Appellant, Christopher Griffith, appeals from his resentencing upon remand after a direct appeal to this court and subsequently to the supreme court. Griffith v. State, 654 So.2d 936 (Fla. 4th DCA 1995), quashed in part, affirmed in part, State v. Griffith, 675 So.2d 911 (Fla.1996).
In August of 1990 appellant was tried by a jury and found guilty of three counts of sexual battery upon a child by a person less than 18 years of age (Counts I, II, and IV) and two counts of indecent assault upon a person less than 14 years old (Counts VI and VII). These offenses occurred between August 1983 and August 1985, when appellant was a juvenile. The trial court sentenced appellant to two 20-year terms of imprisonment on Counts I and II and a 10-year term of imprisonment on Count IV, all to run concurrently, and two ten-year terms of probation on Counts VI and VII, to run concurrently with each other, but consecutively to his terms of imprisonment.
Upon appeal, this court reversed the convictions and sentences. Griffith v. State, 654 So.2d 936 (Fla. 4th DCA 1995). The Florida Supreme Court quashed our reversal of appellant’s conviction but upheld that portion of the decision setting aside appellant’s sentence for failure of the trial court to consider Chapter 39 criteria prior to imposing adult sanctions. The case was remanded to the trial court for resentencing under Florida Statute § 39.111(6) (1983). Although appellant has raised several sentencing issues on this appeal, we conclude that only one warrants a reversal and remand for resentencing.
Upon resentencing appellant in December of 1996 the trial court determined that appellant was suitable for adult sanctions and entered a written order with findings in support of its conclusion. After finding a valid basis for imposing an upward departure from the sentencing guidelines recommended range of 12 to 17 years, the court again sentenced appellant to concurrent terms of 20 years in prison on counts I and II and concurrent terms of 10 years on probation on counts VI and VII, consecutive to the prison sentences. However, on Count IV, the court imposed a 20-year term of imprisonment, rather than the 10-year term originally imposed. Appellant argues that his resentence to a 20-year prison sentence on Count IV violates due process. We agree and reverse that portion of appellant’s sentence.
When the court does not identify any circumstances occurring after the original sentencing to justify an increased sentence, the imposition of a harsher sentence upon remand after a successful appeal violates the due process clause of Article I, Section 9 of the Florida Constitution and of the Fourteenth Amendment to the United States Constitution. Blackshear v. State, 531 So.2d 956 (Fla.1988); Crystal v. State, 689 So.2d 388 (Fla. 1st DCA 1997). At the sentencing below, the court did not refer to any intervening events or other circumstances concerning “identifiable conduct” on appellant’s part, occurring after the time of the original sentencing pro *368 ceeding, as affirmative reasons for increasing appellant’s sentence. We note that the record does reflect that when resentencing appellant, the trial judge mistakenly recollected that he had originally imposed a 20-year term of incarceration on Count IV, as he had on Counts I and II. Thus, the increased sentence appears to be attributable to mere inadvertence rather than the product of vindictiveness on the part of the sentencing judge. However, consistent with Crystal> we must nevertheless vacate the sentence of 20. years on Count IV because it violates the appellant’s right to due process. Id. at 388-389.
We reverse appellant’s sentence on Count IV and remand for resentencing on that count only. We affirm appellant’s sentence in all other respects.
AFFIRMED IN PART, REVERSED and REMANDED IN PART.
STONE, C.J., and GROSS, J., concur.